JUDGE HOLWELL
LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

07 CV 11390

Attorneys for Defendant
SEABOATS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YULI CONELY, as Administratrix of the Estate of LEIBE
OCIELE MEDINA, a/k/a CEILE MEDINA, Deceased and
YULI CONELY, Individually, EPHRAIM RIVERA and
RAPHAEL RIVERA,

                                        Plaintiffs,

                - against -

SEABOATS, INC.,

                                        Defendant.
-------------------------------------------------------------------X

**ECF CASE**

07 Ci...

RECEIVED
DEC 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### SEABOATS, INC.'S NOTICE OF REMOVAL

TO THE CLERK, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW
YORK

        PLEASE TAKE NOTICE that, pursuant to 28 USC §§ 1332, 1441, and 1446, defendant

SEABOATS, INC. ("Seaboats"), by and through its attorneys, Lyons & Flood, LLP, hereby

gives notice of the removal of the action styled YULI CONELY, as Administratrix of the Estate

of LEIBE OCIELE MEDINA, et al. v. SEABOATS, INC. from the Supreme Court of the State

of New York, County of Bronx, Index no. 302638/07, to the United States District Court for the

Southern District of New York and states as follows:

        1.        On November 9, 2007, plaintiffs, Yuli Conely, as Administratrix of the Estate of

Leibe Ociele Medina, a/k/a Ceile Medina, deceased and Yuli Conely, individually, Ephraim

Rivera, and Raphael Rivera commenced an action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx captioned <u>YULI CONELY, as</u> <u>Administratrix of the Estate of LEIBE OCIELE MEDINA, a/k/a CEILE MEDINA, Deceased</u> <u>and YULI CONELY, Individually, EPHRAIM RIVERA and RAPHAEL RIVERA, against</u> <u>SEABOATS, INC.</u>, Index No. 302638/07. Plaintiffs assert claims for wrongful death, personal injury, and property damage arising from an alleged collision between plaintiffs' pleasure boat and defendant's tank barge.

    2.    On November 19, 2007, plaintiffs served a copy of the Summons and Verified Complaint on defendant. (A copy of the Summons and Verified Complaint are attached hereto as Exhibit A.)

### Grounds For Removal

    3.    This Court has original jurisdiction pursuant to 28 USC § 1332, as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and there is complete diversity of citizenship between plaintiffs and defendant. Thus, this action may be removed to this Court by defendant pursuant to the provisions of 28 USC §§ 1441 and 1446.

    4.    Plaintiffs Ephraim Rivera and Raphael Rivera have alleged they both reside at 55 West Moshulu Parkway North, Bronx, New York. (*See* Exhibit A at ¶¶ 2 and 3.) Plaintiff Yuli Conely has alleged that she resides at 170 Wagon Trail North, Powell, Ohio. (*See* Exhibit A at ¶ 1.)

    5.    Defendant, Seaboats, is a Rhode Island corporation. (*See* Exhibit A at ¶ 4). Upon information and belief, the citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the Notice of Removal was filed.

    6.    It is facially evident that the amount in controversy exceeds $75,000.00, exclusive

of interest and costs. As noted above, this is a wrongful death, personal injury, and property

damage action suit arising from an alleged collision between plaintiffs' pleasure boat and

defendant's tank barge.

    7.    The Verified Complaint filed in the Supreme Court for the State of New York,

County of Bronx, sets forth five causes of action. The first cause of action alleges that plaintiff

decedent "was seriously injured" and "sustained conscious pain and suffering and drowned" as a

result of the alleged collision and that the decedent's estate has been damaged in an amount in

excess of the jurisdictional limits of all lower courts. (*See* Exhibit A at ¶¶ 26, 27, and 29). The

second cause of action alleges that plaintiff Yuli Conely, the daughter of the decedent, William

Pulgarin, the son of the decedent, and other decedent's distributees have sustained "pecuniary

loss and damage as well as having been deprived of decedent's companionship, consortium and

society and otherwise claim damages for her wrongful death" and that these plaintiffs have been

damaged in an amount in excess of the jurisdictional limits of all lower courts. (*See* Exhibit A at

¶¶ 31 and 32).

    8.    The third cause of action in the Verified Complaint alleges that plaintiff Ephraim

Rivera was "seriously injured" as a result of the alleged collision and that he has been damaged

in an amount in excess of the jurisdictional limits of all lower courts. (*See* Exhibit A at ¶¶ 34 and

35). The fourth cause of action alleges that plaintiff Raphael Rivera sustained "property

damage" to his boat as a result of the alleged collision and that he has been damaged in an

amount in excess of the jurisdictional limits of all lower courts. (*See* Exhibit A at ¶¶ 37 and 38).

The fifth cause of action alleges that plaintiff Raphael Rivera was in the "zone of danger" and

suffered "psychological trauma" as a result of the injury to his brother Ephraim Rivera and that

he has been damaged in an amount in excess of the jurisdictional limits of all lower courts. (*See*

Exhibit A at ¶¶ 40-42).

9.      In evaluating a complaint that contains this kind of open-ended claim for

damages, a court should appraise the amount in controversy according to a reasonable reading of

the value of the rights being litigated, and should retain federal jurisdiction if it appears to a

"reasonable probability" that the claim is in excess of the statutory jurisdictional amount. United

Food & Commercial Workers Union v. Centermart Properties Meriden Square, Inc., 30 F.3d

298, 304-305 (2nd Cir. 1994). Given the totality and extent of the claims set forth in the Verified

Complaint, there is no doubt that a "reasonable probability" exists that the claims are in excess of

$75,000.00, exclusive of interest and costs.

### Pre-Requisites for Removal Are Satisfied

10.      This Notice of Removal is timely filed in accordance with 28 USC § 1446(b) in

that it is filed within thirty (30) days after the date Seaboats was served with the Verified

Complaint. This case was filed less than 1 year ago pursuant to 28 USC § 1446(b).

11.      Venue is proper in this District under 28 USC § 1446(a) because this District

includes Bronx County, the county in which the state court action is pending.

12.      As required by § 1446(d), a true and correct copy of this Notice of Removal is

being promptly served on plaintiffs and on the Clerk of the Supreme Court of the State of New

York, County of Bronx.

13.      Defendant does not waive any defenses it may have to this action and no

statements made herein shall be construed to concede any defenses to this action.

WHEREFORE, defendant prays that this action be removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

Dated: December 19, 2007

LYONS & FLOOD, LLP
Attorneys for Defendant
SEABOATS, INC.

By: _____

Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2615003\Pleadings\Notice of Removal -final.doc

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------X

YULI CONELY, as Administratrix of the Estate of LEIBE
OCIELE MEDINA, a/k/a CEILE MEDINA, Deceased and
YULI CONELY, Individually, EPHRAIM RIVERA and
RAPHAEL RIVERA,

Plaintiffs,

-against-

SEABOATS, INC.,

Defendants.

------------------------------------------------------------------X

*Index No.* 302638/07

*Plaintiffs designate Bronx*
*County as the place of trial*

*The basis of the venue is*
*Plaintiffs' Residence*

## Summons

*Plaintiffs Ephraim Rivera and Raphael*
*Rivera reside at 55 West Mosholu Pkwy*
*North, Bronx, New York*

*To the above name Defendant*

**You are hereby summoned** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 30 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

*Dated:  November 7, 2007*
*Defendant's address:*

Sea Boats, Inc.
9 Church Cove Road
Bristol, RI 02809-5101

By: _____

FRANK V. FLORIANI
*Attorneys for Plaintiff*
*Office and Post Office Address*
*FRANK V. FLORIANI*
*SULLIVAN PAPAIN BLOCK*
*McGRATH & CANNAVO P.C.*
*120 Broadway*
*New York, New York 10271*
*(212) 732-9000*

*Upon your failure to appear, judgment will be taken against you by default for the sum of $ with*
*interest from 20 and the costs of this action.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------x
YULI CONELY, as Administratrix of the
Estate of LEIBE OCIELE MEDINA, a/k/a              Index No.: 302638-07
OCEILE MEDINA, Deceased and YULI CONELY,
Individually, EPHRAIM RIVERA and
RAPHAEL RIVERA,

                              Plaintiffs,

       -against-                                  VERIFIED COMPLAINT

SEABOATS, INC.,

------------------------------------------x       Defendant.

       Plaintiffs, by their attorneys, SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C., complaining of the defendants, allege,
upon information and belief, as follows:

       1.   Yuli Conely, residing at 170 Wagon Trail North, Powell,
Ohio was appointed Administratrix of the estate of Leibe Ociele
Medina, also known as Oceile Medina ("decedent"), pursuant to a
decree of the Surrogate's Court, Bronx County dated October 23,
2007.

       2.   That on June 10, 2007 and at present Ephraim Rivera
resides at 55 West Mosholu Parkway North, Bronx, New York.

       3.   That on June 10, 2007 and at present Raphael Rivera
resides at 55 West Mosholu Parkway North, Bronx, New York.

       4.   That at all times hereinafter mentioned SEABOATS, INC.
was a foreign corporation organized and existing pursuant

RECEIVED 07 NOV -9 AM 11:49 COUNTY CLERK BRONX COUNTY

laws of the state of Rhode Island and was duly authorized to conduct business in the state of New York.

5. On June 10, 2007, defendant, SEABOATS, INC. owned a certain tug boat bearing the name "Donald C." ("Donald C.").

6. On June 10, 2007, defendant, SEABOATS, INC., owned a certain tank barge bearing the name "Patriot" ("Patriot").

7. On June 10, 2007, the Patriot, owned by SEABOATS, INC., was being pushed and/or was otherwise underway due to the assistance of the Donald C.

8. On June 10, 2007, the captain of the Donald C. was Michael Joseph Mezger, and as such he was in charge of the crew of the Donald C. and was responsible for the operation of both the Donald C. and the Patriot.

9. On June 10, 2007, the Donald C. was being operated by its captain, Michael Joseph Mezger.

10. On June 10, 2007, Michael Joseph Mezger was at the helm of the Donald C..

11. On June 10, 2007, Michael Joseph Mezger was an employee of SEABOATS, INC..

12. On June 10, 2007, Michael Joseph Mezger was operating the Donald C. in the course of his employment for SEABOATS, INC..

13. On June 10, 2007, the *Donald C.* was pushing the *Patriot* in the Long Island Sound in an area northeast of Sands Point, New York.

14. On June 10, 2007, plaintiff Raphael Rivera owned a certain pleasure craft bearing registration number NY 5148 C ("the Rivera boat").

15. On June 10, 2007, Raphael Rivera was on board the Rivera boat along with decedent and Ephraim Rivera at the aforementioned location.

16. On June 10, 2007, the *Donald C.* pushed the *Patriot* into the Rivera boat.

17. On June 10, 2007, the *Donald C.* failed to post a look out on the *Patriot*.

18. On June 10, 2007, the *Donald C.* failed to signal and/or otherwise warn of its approach to the Rivera boat.

19. On June 10, 2007, at the aforementioned location the Rivera boat had the right of way.

20. On June 10, 2007, it was the obligation of the *Donald C.* and the *Patriot* to yield the right away to the Rivera boat.

21. As a result of the aforementioned collision between the *Donald C.* and the *Patriot* with the Rivera boat, decedent, Raphael Rivera and Ephraim Rivera were thrown into the water.

22. The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendant in

the ownership, operation, maintenance, management and control of
the *Donald C.* and the *Patriot.*

23. The limitations on liability set forth in CPLR §1601
do not apply.

24. The limitations on liability set forth in CPLR §1601
do not apply by reason of one or more exceptions set forth in
CPLR §1602.

### FIRST CAUSE OF ACTION

25. Plaintiff Yuli Conely as the administratrix
of decedent's estate repeats and realleges paragraphs "1"-"24"
as if fully set forth at length herein.

26. As a result of the foregoing decedent was seriously
injured.

27. As a result of the foregoing decedent sustained
conscious pain and suffering and drowned.

28. As a result of the aforementioned decedent's estate
has been damaged in an amount in excess of the jurisdictional
limits f all lower courts in which this action could otherwise
have been brought.

### SECOND CAUSE OF ACTION

29. Plaintiff Yuli Conely as the administratrix of the
decedent's estate repeats and realleges each and every
allegation set forth in paragraphs "1" through "28" as if fully
set forth at length herein.

30.  By reason of the aforementioned, Liebe Ociele Medina, died on June 15th, 2007.

31.  As a result of the wrongful death of decedent, plaintiff, Yuli Conely, daughter of decedent, and William Pulgarin, son of decedent, and other of the decedent's distributees have sustained pecuniary loss and damage as well as having been deprived of decedent's companionship, consortium and society and otherwise claim damages for her wrongful death.

32.  By reason of the foregoing, plaintiff, Yuli Conely, as Administratrix of the Estate of Leibe Ociele Medina on behalf of decedent's distributees claims damages for her wrongful death in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

### THIRD CAUSE OF ACTION

33.  Plaintiff Ephraim Rivera repeats and realleges each and every allegation set forth in paragraphs "1" through "24" as if fully set forth at length herein.

34.  As a result of the aforementioned occurrence plaintiff Ephraim Rivera was seriously injured.

35.  By reason of the foregoing Ephraim Rivera was damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## FOURTH CAUSE OF ACTION

36.  Plaintiff Raphael Rivera repeats and realleges each and every allegation set forth in paragraphs "1" through "24" as if fully set forth at length herein.

37.  By reason of the aforementioned plaintiff Raphael Rivera sustained property damage to the Rivera boat.

38.  By reason of the foregoing, plaintiff, Rafael Rivera has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## FIFTH CAUSE OF ACTION

39.  Plaintiff Raphael Rivera repeats and realleges each and every allegation set forth in paragraphs "1" through "35" as if fully set forth at length herein.

40.  As a result of the aforementioned occurrence plaintiff Raphael Rivera was present when his brother Ephraim Rivera was injured.

41.  At the aforementioned time and place plaintiff Raphael Rivera was in the zone of danger and sustained psychological trauma.

42.  By reason of the foregoing, plaintiff, Rafael Rivera has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

WHEREFORE, plaintiffs Yuli Conely, as Administratrix of the Estate of Leibe Ociele Medina, Ephraim Rivera and Rafael Rivera demand judgment on each of the first, second, third, fourth and fifth causes of action in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought together with interest, costs and the disbursements of this action.

Yours, etc.

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO P.C.

By:_____
FRANK V. FLORIANI
Attorneys for Plaintiffs
120 Broadway - 18th Floor
New York, New York 10271
(212) 732-9000

<u>VERIFICATION</u>

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NEW YORK     )


Frank V. Floriani, being duly sworn, deposes and says:

I am a member of SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C., attorneys for the plaintiffs herein.

I have read the foregoing COMPLAINT and know the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The source of deponent's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.


_____
Frank V. Floriani


Sworn to before me this
7th day of November, 2007

_____
Notary Public

MILLICET Y. SANCHEZ
Notary Public, State of New York
No. 01SA6139553
Qualified in New York County
Commission Expires Jan. 9, 2010

*Index No.*            *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YULI CONELY, as Administratrix of the Estate of
LEIBE OCIELE MEDINA, a/k/a CEILE MEDINA,
Deceased and YULI CONELY, Individually,
EPHRAIM RIVERA and RAPHAEL RIVERA
                 Plaintiffs,

          -against-
SEABOATS, INC.,

              *Defendants.*

## SUMMONS AND COMPLAINT

### SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

*Attorneys for* plaintiff(s)

120 BROADWAY
NEW YORK, NEW YORK 10271
(212) 732-9000

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ...........................................     Signature ...................................................................

                                 Print Signer's Name...............................................................

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                                  *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   NOTICE OF ENTRY    *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*          20

☐   NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*         *, one of the judges of the within-named Court,*
*at*
*on*          20     *, at*         *M.*

Check Applicable Box

*Dated:*

### SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
*Attorneys for*

*To:*                                 120 BROADWAY
                                   NEW YORK, NEW YORK 10271