LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
SEABOATS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
YULI CONELY, as Administratrix of the Estate of LEIBE
OCIELE MEDINA, a/k/a CEILE MEDINA, Deceased and     ECF CASE
YULI CONELY, Individually, EPHRAIM RIVERA and
RAPHAEL RIVERA,
                                                                           07 Civ. 11390 (RJH)
                                    Plaintiffs,

        - against -

SEABOATS, INC.,

                                    Defendant.
---------------------------------------------------------------------------X

## AMENDED ANSWER TO VERIFIED COMPLAINT

Defendant, SEABOATS, INC. ("SEABOATS"), by its attorneys, LYONS & FLOOD, LLP, as and for its Amended Answer to the Verified Complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 3, and 14 and 15 of the Verified Complaint.

2. Admits the allegations contained in paragraphs 4 and 13 of the Verified Complaint.

3. Denies the allegations contained in paragraphs 5 through 9, 11, and 16 through 22 of the Verified Complaint.

4. Admits that at certain times on June 10, 2007, Michael Joseph Mezger was at the

helm of the DONALD C., but except as so specifically admitted, denies the remaining allegations contained in paragraph 10 of the Verified Complaint.

5.      Admits that on June 10, 2007, Michael Joseph Mezger was acting in the course of his employment, but except as so specifically admitted, denies the remaining allegations contained in paragraph 12 of the Verified Complaint.

6.      The allegations contained in paragraphs 23 and 24 of the Verified Complaint contain conclusions of law to which no answer is required; however, to the extent an answer is required, defendant admits that plaintiff's causes of action are governed by the General Maritime Law of the United States, but except as so specifically admitted herein, denies the remaining allegations contained in paragraphs 23 and 24 of the Verified Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

7.      In answer to paragraph 25 of the Verified Complaint, defendant repeats and realleges each and every admission, denial, and denial upon knowledge or information set forth in paragraphs 1 through 6 above as if fully set forth herein.

8.      Denies the allegations contained in paragraphs 26 through 28 of the Verified Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

9.      In answer to paragraph 29 of the Verified Complaint, defendant repeats and realleges each and every admission, denial, and denial upon knowledge or information set forth in paragraphs 1 through 8 above as if fully set forth herein.

10.     Denies the allegations contained in paragraphs 30 through 32 of the Verified Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

11. In answer to paragraph 33 of the Verified Complaint, defendant repeats and realleges each and every admission, denial, and denial upon knowledge or information set forth in paragraphs 1 through 10 above as if fully set forth herein.

12. Denies the allegations contained in paragraphs 34 and 35 of the Verified Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

13. In answer to paragraph 36 of the Verified Complaint, defendant repeats and realleges each and every admission, denial, and denial upon knowledge or information set forth in paragraphs 1 through 12 above as if fully set forth herein.

14. Denies the allegations contained in paragraphs 37 and 38 of the Verified Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

15. In answer to paragraph 39 of the Verified Complaint, defendant repeats and realleges each and every admission, denial, and denial upon knowledge or information set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. Denies the allegations contained in paragraphs 40 through 42 of the Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

17. The Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

18. The plaintiff YULI CONELY, as Administratrix of the Estate of LEIBE OCIELE MEDINA, lacks standing to bring this suit and accordingly the action should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

19. Venue in this Court is improper.

## FOURTH AFFIRMATIVE DEFENSE

20. LIEBE OCIELE MEDINA a/k/a OCEILE MEDINA's death and plaintiff EPHRAIM RIVERA's alleged personal injuries were due to pre-existing causes for which defendant is not liable or responsible.

## FIFTH AFFIRMATIVE DEFENSE

21. LIEBE OCIELE MEDINA a/k/a OCEILE MEDINA's death was caused in whole or in part by the negligence, fault, carelessness, and/or inattention to duty of RAPHAEL RIVERA or EPHRAIM RIVERA or herself, and any recovery should be apportioned accordingly.

## SIXTH AFFIRMATIVE DEFENSE

22. LIEBE OCIELE MEDINA a/k/a OCEILE MEDINA's death did not result from any fault, carelessness, or negligence on the part of defendant or from any one for whom defendant could be held liable or responsible.

## SEVENTH AFFIRMATIVE DEFENSE

23. The personal injury, psychological, or property damage claims of plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA were caused in whole or in part by the negligence, fault, carelessness and/or inattention to duty of themselves and decedent LIEBE OCIELE MEDINA a/k/a OCEILE MEDINA and any recovery should be apportioned accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

24. The personal injury, psychological, or property damage claims of plaintiffs

RAPHAEL RIVERA and EPHRAIM RIVERA did not result from any fault, carelessness, or negligence on the part of defendant or from any one for whom defendant could be held liable or responsible.

### NINTH AFFIRMATIVE DEFENSE

25.     In event that defendant is held liable to plaintiffs in any respect, defendant is entitled to exoneration from or limitation of its liability to the value of its interest in the Barge THE PATRIOT and Tug DONALD C. and the pending freight at the time of the loss and/or voyage in question, pursuant to 46 USC §§ 183-189 and related and subsequent amendments thereto.

### AS AND FOR COUNTERCLAIMS AGAINST RAPHAEL RIVERA AND EPHRAIM RIVERA

26.     On June 10, 2007, plaintiff RAPHAEL RIVERA was the owner of a certain pleasure craft bearing registration number NY 5148 C ("the Rivera boat.")

27.     On June 10, 2007, plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA were on board the Rivera boat in the Long Island Sound in an area northwest of Sands Point, New York.

28.     On June 10, 2007, plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA were operating the Rivera boat.

29.     On June 10, 2007, plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA failed to maintain a proper lookout on the Rivera boat.

30.     On June 10, 2007, plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA failed to signal and/or otherwise warn of their approach to the Barge THE PATRIOT and/or the Tug DONALD C.

31.     On June 10, 2007, it was the obligation of the Rivera boat to yield the right of

way to the Barge THE PATRIOT and/or the Tug DONALD C.

32. In the event the Court determines that on June 10, 2007, the Rivera boat collided with the Barge THE PATRIOT and/or the Tug DONALD C., this was the result of the negligence, carelessness, and/or recklessness of plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA in the operation of the Rivera boat.

33. If plaintiffs suffered losses and damages as alleged in the Verified Complaint, which is denied, those losses and damages were sustained as a result of the negligence, acts, and/or omissions of plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA, without any negligence or fault on the part of defendant contributing thereto.

34. By reason of the foregoing, in the event any judgment is obtained by plaintiffs against defendant, SEABOATS is entitled to indemnification and/or contribution from plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA for their proportional share of liability as determined by the relative culpability of each party, including costs, disbursements, expenses, and attorneys' fees.

WHEREFORE, defendant, SEABOATS, INC., prays:

a. that judgment be entered in favor of defendant and against plaintiffs dismissing the Verified Complaint in its entirety;

b. that judgment be entered in favor of defendant and against plaintiffs RAPHAEL RIVERA and EPHRAIM RIVERA on the Counterclaim herein together with the costs and disbursements of this action, including attorneys' fees and costs; and

c. that such other and further relief be awarded to the defendant as the Court sees fit.

Dated: January 28, 2008

LYONS & FLOOD, LLP
Attorneys for Defendant
SEABOATS, INC.

By: _____
Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2615003\Pleadings\amended answer to verified complaint.doc

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 28th day of January 2008, I served true copies of the Amended Answer to the Verified Complaint, by first class mail, postage pre-paid to:

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
Attorney for Plaintiffs
120 Broadway
New York, NY 10271
(212) 732-9000

_____
Kirk M. Lyons

U:\kmhldocs\2615003\Pleadings\amended answer to verified complaint.doc